## AMY CARPENTER *vs.* CHARLES GREEN.

A decree of partition, in the probate court, setting off a portion of the real estate of a deceased person to his daughter, is conclusive upon her husband, when finally confirmed and established according to Gen. Sts. *c.* 136, if he assents thereto, and in the petition represents that she is entitled to a share of the estate in her right as an heir at law; and such partition will vest in her a valid title as against him and his heirs, although before the partition was made her title had become vested in him by mesne conveyances.

WRIT OF ENTRY, wherein the demandant claimed one fourth part of a piece of land in Sturbridge as heir at law of her deceased sister, Phebe Green.

At the trial in the superior court, before *Wilkinson,* J., it appeared that Phebe Green, who was the wife of Nathaniel Green, was one of five heirs at law of Alpheus Drury, John Drury and Polly Drury, who were her brothers and sister, and the bill of exceptions set forth that she inherited the premises from them. On the 6th of May 1862, while the estates of said Alpheus and John were in the course of settlement in the probate court, all of said heirs, and Nathaniel Green as husband of Phebe, united in a petition to the judge of probate, alleging that Nathaniel Green 'and Phebe Green his wife, in her right, and the other heirs, were interested in all the real estate of said Alpheus and John lying in this commonwealth, claiming to hold as heirs at law of said deceased, each one undivided fifth part or share; that the names and residences of all parties now interested and their respective shares and proportions are as above set forth, and are not in dispute nor uncertain, they being owners of said real estate, and being all the persons interested therein. Upon this petition, a decree was made on the same day that partition be made as therein prayed for, and a warrant was issued to commissioners to make the partition, who assigned to Phebe Green in severalty, as her full share, the premises demanded in this action. Nathaniel Green appeared before the commissioners; they made return of the partition to the probate court; and the same was assented to by all the persons interested therein, Nathaniel Green signing his own name, and also that of his

wife, as her attorney. The partition was thereupon confirmed and established on the 3d of June 1862, by a decree of the judge of probate.

Before the above proceedings were had, namely, on the 24th of March 1862, Nathaniel and Phebe Green executed a deed of the premises to the tenant, who on the same day reconveyed them to the said Nathaniel; and the tenant claimed title as heir at law of Nathaniel, who died before the commencement of this action.

The judge ruled that the partition was conclusive against the said Nathaniel and the tenant; and a verdict was accordingly returned for the demandant. The tenant alleged exceptions.

*P. E. Aldrich*, for the tenant. As between Nathaniel Green and his wife, the partition did not transfer the title from the former to the latter. If one tenant in common conveys his property before partition, his alienee will, upon partition being made, take in severalty the portion set off to his grantor. *Cook* v. *Davenport*, 17 Mass. 345. *Pond* v. *Pond*, 13 Mass. 413. Green and his wife are to be regarded as one person, so far as the proceedings for partition are concerned. As between them and others interested in the estate, they were concluded by the decree; but as between themselves, the title remained unchanged.

*E. Mellen*, for the demandant.

COLT, J. At the time when the petition for partition was presented to the probate court, Nathaniel Green, under whom the tenant claims title as heir at law or devisee, was owner of the undivided interest which his wife, as heir at law of parties whose estate was then in course of settlement, had previously devised, and which, by the final decree of the probate court upon said petition, was assigned to her in severalty. Nathaniel Green, notwithstanding his title, joined in said petition, alleging that he and his wife were interested in the estate in her right; that the respective shares and proportions thereof were not in dispute or uncertain, and that the petitioners were the owners of said estate, and all the persons interested therein. The return of the commissioners appointed to make partition was assented to by all the parties to it in writing, said Green signing for himself

and as attorney for Phebe Green; and it was duly decreed by the probate court " that said report be accepted and the partition confirmed and established, and the premises be assigned as de-scribed and set off to the several parties therein named."

The question is, whether the proceedings of the probate court are conclusive evidence of the title of Phebe Green, against one claiming title under a party to said proceedings; and we cannot doubt that they are.

By Gen. Sts. *c.* 136, §§ 48–65, jurisdiction is conferred upon the probate court to make partition of the real estate of any deceased person whose estate is in course of settlement before it, with ample provision for the protection of the rights of all parties. The partition, when finally confirmed, is declared " conclusive on all the heirs and devisees of the deceased, and all persons claiming under them; and all other persons interested in the premises who appeared and answered in the case, or assented to the proposed partition as before provided, and on every person so interested on whom notice was served." § 64. These provisions are substantially the same as those contained in Rev. Sts. *c.* 103, and are to be construed in con-nection with the important changes there introduced in regard to the law of real property, as it respects both rights and reme-dies. In *Marshall* v. *Crehore*, 13 Met. 467, Chief Justice Shaw says that the general tenor of this chapter indicates that it was intended to make this proceeding by petition for parti-tion to a much greater extent than formerly an adversary pro-ceeding to try and decide controverted questions of title, and make it to a much greater extent binding and conclusive upon parties and privies, and this not as to possession only, but as to title. And the commissioners, in their notes on the same chap-ter, say that " a partition which binds the right of possession would, under this change in the law of real actions, bind the right of property also." These remarks have more particular reference to petitions for partition in the common law courts but are equally applicable to such proceedings coming within the probate jurisdiction. There is no reason why a decree of partition in the probate court should be any less conclusive upon

the parties to it than a judgment in a real action. To permit one claiming under a party to such partition again to litigate the title would manifestly violate the maxim which declares that public interest requires an end to litigation. And the provisions of the statute for this object are equally reasonable and plain.

It appears that Nathaniel Green, in the proceedings for partition, made deliberate admissions upon the record inconsistent with the title which the tenant now claims he had at that time. Such admissions, made in the course of a judicial proceeding, may well be held conclusive on Green and those claiming under him, by way of estoppel.          *Exceptions overruled.*